UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIAM DAVITASHVILI, ADAM BEN-SIMON, MIA SAPIENZA, PHILIP ELIADES, JONATHAN SWABY, JOHN BOISI, NATHAN OBEY, and MALIK DREWEY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GRUBHUB INC., UBER TECHNOLOGIES, INC., and POSTMATES INC.,<br><br>    Defendants. | Civ. No. 1:20-cv-03000-LAK<br><br>**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** |

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs and Defendants (together, the "Parties") jointly submit this Rule 26(f) report. Counsel for the Parties engaged in a meet and confer telephonically on April 13, 2022, and continued conferring by email thereafter.

### DISCOVERY PLAN

**(1) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties agree that discovery is to be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York. The Parties shall make their respective Rule 26(a)(1) initial disclosures no later than May 27, 2022.

**(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Plaintiffs state that they intend to seek discovery into, among other things, (i) the purpose and effect of Defendants' No-Price Competition Clauses ("NPCCs"); (ii) Defendants' pricing (including the commission rates that they charge to restaurants); (iii) Defendants' profits and profit margins (including how they have changed over time); (iv) Defendants' aggregate sales; (v) pricing, profit, profit margin, and sales data for competing Restaurant Platforms (*e.g.*, Slice); and (vi) restaurant pricing, profit, and profit margin data.

Defendants state that they intend to seek discovery into, among other things, (i) Plaintiffs' purchases from restaurants, including dine-in, delivery, and take-out purchases, and Plaintiffs' relationships and interactions with those restaurants; (ii) Plaintiffs' purchases through any meal ordering platforms, and Plaintiffs' relationships and interactions with those platforms; (iii) Plaintiffs' alleged injuries and damages; (iv) Plaintiffs' motivation and ability to serve as class representatives in this case; (v) the scope of the alleged product and geographic markets; (vi) the business models and pricing strategies used by restaurants; and (vii) the business models and contractual arrangements used by Defendants' competitors.

The Parties have agreed to and propose the below pretrial schedule for the Court's consideration.

| EVENT | PROPOSED DEADLINE |
|---|---|
| **Pre-Class Certification Stage** | |
| Serve initial requests for production, with rolling production to follow | May 27, 2022 |
| Any motion to compel arbitration with respect to one or more named plaintiffs' claims | August 26, 2022 |
| Substantial completion of document production | December 20, 2022 |
| Pre-class certification stage fact discovery cutoff | March 17, 2023 |

| **Class Certification Stage**[1] ||
|---|---|
| Plaintiffs' motion for class certification | March 17, 2023 |
| Discovery cutoff regarding Plaintiffs' class certification expert report(s) | May 23, 2023 |
| Defendants' opposition to Plaintiffs' motion for class certification | June 6, 2023 |
| Discovery cutoff regarding Defendants' class certification expert report(s) | July 20, 2023 |
| Plaintiffs' reply in support of their motion for class certification | August 3, 2023 |
| Class certification hearing | August 29, 2023 or on an alternative convenient date to be determined by the Court |
| **Post-Class Certification Stage**[2] ||
| Defendants' motions for summary judgment | October 5, 2023 |
| Discovery cutoff regarding Defendants' merit expert report(s) | November 1, 2023 |
| Plaintiffs' opposition to Defendants' motions for summary judgment | November 15, 2023 |
| Discovery cutoff regarding Plaintiffs' merit expert report(s) | December 6, 2023 |
| Defendants' reply in support of their motions for summary judgment | December 15, 2023 |

---

[1] Any motion to compel arbitration with respect to the claims of absent class members will be made in connection with class certification.

[2] Parties reserve the right to request more time for any additional targeted fact discovery, including based on the Court's class certification ruling.

**(3) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties anticipate the need for electronic discovery and have taken steps to ensure the preservation of relevant documents and electronically stored information ("ESI"). The Parties are working on the form of a standard protocol for production of ESI. The Parties have not identified any other issues that require this Court's attention.

**(4) Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Subject to modification by the Parties, all claims of privilege or protection as trial-preparation materials, as well as the production of any information subject to such claims, shall be governed by Rule 26(b)(5) of the Federal Rules of Civil Procedure and a Protective Order that the Parties will submit to govern this action, which will include an order pursuant to Federal Rule of Evidence 502.

**(5) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties agreed to meet and confer about a reasonable number of additional depositions beyond the limits in the Federal Rules of Civil Procedure once fact discovery is underway.

**(6) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None.

Respectfully submitted,

Dated:  June 15, 2022

 /s/ *Kyle W. Roche*
Kyle W. Roche
Edward Normand
Stephen Lagos
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rochefreedman.com
tnormand@rochefreedman.com
slagos@rochefreedman.com

Gregory A. Frank
Marvin L. Frank
Asher Hawkins
FRANK LLP
370 Lexington Avenue, Suite 1706
New York, New York 10017
Tel: (212) 682-1853
Fax: (212) 682-1892
info@frankllp.com

*Counsel for Plaintiffs*

 /s/ *Eric S. Hochstadt*
David J. Lender
Eric S. Hochstadt
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
david.lender@weil.com
eric.hochstadt@weil.com

*Counsel for Defendant Grubhub, Inc.*

 /s/ *Derek Ludwin*
Derek Ludwin
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, D.C. 20001
dludwin@cov.com

Andrew A. Ruffino
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
aruffino@cov.com

*Counsel for Defendants Uber Technologies, Inc. and Postmates, LLC*

SO ORDERED

Dated: _____
        New York, New York

_____
THE HONORABLE LEWIS A. KAPLAN
United States District Judge