**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

By ECF

**Eric S. Hochstadt**
+1 (212) 310-8538
eric.hochstadt@weil.com

May 1, 2023

The Honorable Lewis A. Kaplan
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:  *Davitashvili et al. v. Grubhub Inc., et al.*, No. 1:20-cv-03000 -(S.D.N.Y.)

Dear Judge Kaplan,

On behalf of Defendant Grubhub Inc. ("Grubhub"), I write pursuant to Your Honor's Individual Rules of Practice to oppose Plaintiffs' request for an order compelling Grubhub to collect more electronically stored information ("ESI") from half a dozen additional individuals to run hit reports.

As a threshold matter, Plaintiffs' request should be denied for cutting off negotiations and failing to complete the required meet-and-confer process. Plaintiffs rushed to file their letter with the Court before responding to Grubhub's good-faith offer to collect more ESI from two additional individuals and run hit reports. Until Plaintiffs filed this request, they demanded (without compromise) additional collections and hit reports from a *dozen* individuals – more than *double* the five individuals Grubhub collected and produced almost 175,000 documents from by the end of 2022. If Plaintiffs had reduced their demand in half as part of a genuine meet-and-confer, there likely would be no need for Court intervention at all.

As for the substance of Plaintiffs' request, they misstate the record where Grubhub has produced voluminous information, including about its menu price parity provision. The purported "gap" of documents is mistaken as Plaintiffs omitted that Grubhub has already produced over 33,000 documents that hit on Plaintiffs' new proposed search terms and Grubhub also easily identified about 30 documents that Plaintiffs previously claimed did not exist. An accurate record of the one-sided discovery process puts into context Plaintiffs' disproportionate demand at this late stage – after nearly a year of negotiations and work over ESI custodians, search terms, collections and productions that Plaintiffs have been fully aware of. Grubhub has approached this issue reasonably at every turn and told Plaintiffs after they (finally) reduced their demand that Grubhub would agree to collect even more ESI from four of the six requested individuals to run hit reports. That is proportionate and should be enough under the circumstances.

*Plaintiffs' Premature Request Should be Denied for Violating the Meet-and-Confer Requirement*

In its Rule 26 Initial Disclosures served nearly a year ago on May 27, 2022, Grubhub identified five individuals most likely to have relevant information. During extensive month-long negotiations in the

The Honorable Lewis A. Kaplan											**Weil, Gotshal & Manges LLP**
May 1, 2023
Page 2


Fall of 2022, Grubhub agreed to apply all of Plaintiffs' search terms against the data collected from these five individuals between 2016 and 2021. Grubhub ultimately produced over 173,000 documents and 3 volumes of data to Plaintiffs. Grubhub substantially completed document discovery by December 20, 2022, in accordance with the case schedule.

Three months later, on March 23, 2023, Plaintiffs alleged that there was a "gap" in Grubhub's production concerning the narrowing of its menu price non-discrimination clause with certain restaurants in October 2019. Plaintiffs then demanded that Grubhub collect ESI from an additional twelve individuals and apply new, different search terms, including to Grubhub's existing collection from the five Rule 26 individuals. Grubhub ran Plaintiffs' new search terms over the existing collection, which showed that Grubhub had already produced 33,188 documents that hit on Plaintiffs' new search terms. Grubhub also pointed Plaintiffs to a non-exhaustive list of 30 documents that Plaintiffs previously had claimed did not exist, which further narrowed the scope of the alleged "gaps" at issue.

On April 19, 2023, solely to compromise the issue, Grubhub offered to collect documents from two additional individuals—Liz Demar Schaff and Kevin Kearns, the first two individuals sought in Plaintiffs' letter—and to run Plaintiffs' new search terms over a two-year period before and after October 2019. Plaintiffs did not respond and, instead, rushed to the Court. According to Plaintiffs, they unilaterally deemed "further correspondence with Grubhub on this issue as futile." (Dkt. No. 109 at 3 n.1.) Yet that was the first time Plaintiffs offered to cut in half their demand for Grubhub to collect additional ESI from twelve to six individuals. Tellingly, one of the six additional individuals Plaintiffs proposed in their request was someone Plaintiffs never identified to Grubhub. Notwithstanding all of this, on April 28, 2023, Grubhub told Plaintiffs it would collect ESI from four of the six additional individuals mentioned in Plaintiffs' letter, adding Abbey Able and Raleigh McClayton to the original offer.[1] Today, Plaintiffs rejected that further compromise to avoid burdening the Court with this dispute.

On this record, Plaintiffs' request should be denied. It is well-established that the "failure to meet and confer prior to filing a discovery motion can be fatal to a party's application." *Duran v. E L G Parking Inc.*, 2021 U.S. Dist. LEXIS 69560, at *5 (S.D.N.Y. Apr. 9, 2021) (*citing Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 100 (S.D.N.Y. 1997) (denying motion to compel for failure to meet and confer). Plaintiffs did not respond to Grubhub's compromise offer to collect ESI from two additional individuals and instead cut the meet-and-confer process short only to halve their request when seeking judicial intervention.

*Plaintiffs' Request Also Should be Denied on the Merits as Being Disproportionate*

As for the merits of Plaintiffs' request, it should be denied for violating Rule 26's proportionality principle. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery…that is relevant to [a] party's claim or defense and proportional to the needs of the case...."). Plaintiffs have identified a very narrow alleged

---

[1] One of the six individuals, Kelly Arwine, is a former employee for whom data does not exist.

| | |
|---|---|
| The Honorable Lewis A. Kaplan<br>May 1, 2023<br>Page 3 | **Weil, Gotshal & Manges LLP** |

"gap." Demanding that Grubhub collect and ingest ESI from twelve (or now six) more individuals is unreasonable and disproportionate to the narrow alleged "gap." *Mortg. Resolution Servicing v. JPMorgan Chase Bank*, 2017 U.S. Dist. LEXIS 78217, at *9 (S.D.N.Y. May 18, 2017) ("Even if the plaintiffs had cleared the hurdle of showing that the proposed additional custodians had some unique relevant information, discovery of their files would not be warranted because the cost and burden would be disproportionate."). Collecting ESI and running hit reports could take weeks and cost up to $30,000, on top of significant costs already incurred from past collections resulting in nearly 175,000 documents produced to Plaintiffs. *See Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, 2021 U.S. Dist. LEXIS 48181, at *4 (S.D.N.Y. Mar. 15, 2021) (stating the court is "obligat[ed] to balance [the discovery's] utility against its cost.").

The two primary cases Plaintiffs rely on undermines their request for collections from a half a dozen more individuals. In *Family Wireless #1, LLC v. Auto. Techs.,* the district court denied the motion to compel for three of the requested six additional individuals because there was no showing that they were privy to or involved in any discussions of relevant topics. 2016 U.S. Dist. LEXIS 65885, at *10 (D. Conn. May 19, 2016). Similarly, Plaintiffs do not claim that Abbey Able, Raleigh McClayton, or Kelly Arwine had any communications regarding the October 2019 menu price parity provision change. Further, as in *In re LIBOR-Based Fin. Instruments Antitrust Litigation*, the full request was denied where, as here, the six individuals sought were either junior team members or high-level executives whose documents are likely to be highly cumulative and duplicative of the near 175,000 documents that Grubhub has already produced from its existing five custodians or who merely expressed or received a communication about the change. 2023 U.S. Dist. LEXIS 62699, at *58-59 (S.D.N.Y. Apr. 10, 2023).

As discussed above, Grubhub has produced a voluminous amount of information and numerous documents specifically addressing the narrowing of its menu price parity provision and identified the approximately 30 documents for Plaintiffs—beyond what the Rules require. Plaintiffs' speculation that there should be more documents is not enough. *See Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) ("[C]ourts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses."). Nevertheless, Grubhub has offered to collect and run hit reports for the two additional individuals – and now four additional individuals (Liz Demar Schaff, Kevin Kearns, Abbey Able and Raleigh McClayton) – who Plaintiffs seemed to care the most about. Plaintiffs have not met their burden to justify collections from six more people – doubling the size of the original ESI collection and ultimate production that took many months – and the Rules do not require Grubhub to do even more.

For the foregoing reasons, Grubhub respectfully requests that Plaintiffs' request be denied.

The Honorable Lewis A. Kaplan
May 1, 2023
Page 4

**Weil, Gotshal & Manges LLP**

Respectfully submitted,

/s/ *Eric S. Hochstadt*
Eric S. Hochstadt

*Counsel for Defendant Grubhub Inc.*