August 13, 2025

**Via ECF**
The Honorable Lewis A. Kaplan
United States District Judge
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/21/25

Re:   *Davitashvili et al. v. Grubhub Inc. et al.*, No. 1:20-cv-03000 (S.D.N.Y.)

Dear Judge Kaplan:

      The parties write to provide a status update. On June 30, 2023, the Court stayed this matter pending resolution of Defendants' appeals of the Court's order denying Defendants' motion to compel arbitration. Dkt. No. 126. On March 13, 2025, the Second Circuit issued an opinion affirming in part and reversing in part, Dkt. No. 130, holding that an arbitrator needed to decide whether Plaintiffs' claims against Uber were subject to arbitration, but that "Grubhub's arbitration clause does not apply to Plaintiffs' antitrust claims against Grubhub." *Id.* at 3–4.

      On April 4, 2025, the Second Circuit issued the mandate, Dkt. No. 131, remanding for this Court "to adjudicate the merits of the complaint with respect to Grubhub and for further proceedings consistent with [its] opinion." *Id.* at 1. The parties have met and conferred but have been unable to agree upon a proposed schedule to move the case forward. The parties' positions are set forth below.

      <u>Plaintiffs' position</u>: The Court lift the stay and permit discovery to resume. The parties sought the stay for two reasons. First, under *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), the stay was required "with respect to the five named plaintiffs subject to both Defendants' 9 U.S.C. § 16(a) appeals." Dkt. No. 125 at 1. Second, although two named plaintiffs (Drewey and Bensimon) were not subject to both appeals, those plaintiffs could not represent "one of the three proposed classes"—namely, the class asserting claims in connection with their purchases through non-Defendant platforms, like Doordash. *Id.* As a result, in the parties' view, moving forward before the appeals were resolved "posed many risks," including "duplicative and inefficient" discovery and "multiple rounds of class certification proceedings." *Id.*

      Neither of these issues is present now. The resolution of Defendants' appeals means that *Coinbase* no longer applies. In addition, none of the named plaintiffs' claims is subject to arbitration with Grubhub, and although five named plaintiffs' claims *may* be subject to arbitration with Uber,[1] the remaining two plaintiffs *can* represent each of the three classes asserting claims against Uber. Accordingly, the concerns that the parties expressed two years ago regarding judicial economy no longer apply. Indeed, the parties presupposed that the stay would end when

---

[1] Plaintiffs view Uber's argument that Plaintiffs' claims are arbitrable as meritless, including because it is inconsistent and irreconcilable with this Court's order denying Uber's motion to compel arbitration and the Second Circuit's order holding that Plaintiffs' identical claims against Grubhub are not subject to arbitration.

Memorandum Endorsement                    Davitashvili v. Grubhub Inc., 20-cv-3000 (LAK)

        The stay of this acting pending appeal (Dkt 126) is lifted. Plaintiffs shall file an amended complaint by September 30, 2025. Fact discovery shall be completed by December 16, 2025. Plaintiffs shall file their motion for class certification and serve any corresponding expert report(s) by January 16, 2026. Defendants shall file any opposition and serve any corresponding expert report(s) by March 17, 2026. Plaintiffs shall file any reply in support of the motion for class certification and rebuttal expert report(s) by May 15, 2026.

        SO ORDERED.

Dated:        August 21, 2025

                                            Lewis A. Kaplan
                                            United States District Judge