**COVINGTON**

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

**Stacey K. Grigsby**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5238
sgrigsby@cov.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 9-8-26

***Via ECF***

September 4, 2026

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
Courtroom 21B
New York, NY 10007

**Re: *Bensimon et al. v. Grubhub Inc. et al.*, No. 20-cv-3000 (LAK) Joint Omnibus Motion to Seal Confidential Class Certification Material**

Dear Judge Kaplan:

Pursuant to Your Honor's Individual Rules of Practice and the Court's February 26, 2026 and May 5, 2026 orders on sealing (ECF Nos. 173, 217), Plaintiffs and Defendants Grubhub Inc. ("Grubhub"), Uber Technologies, Inc. ("Uber"), and Postmates, LLC ("Postmates") (collectively, the "Parties") submit this letter-motion to request the continued sealing of certain confidential information and references to that information that was filed in connection with the briefing of Plaintiffs' Motion for Class Certification and Defendants' Motion to Exclude Dr. J. Douglas Zona. *See* ECF Nos. 178, 179, 201, 202, 203, 204, 206, 207, 208, 209, 220, 221, 225, 226, 227, 230, 232, 239, 240, 241. For the reasons set forth below, the Parties respectfully request that the Court maintain under seal the information identified in Exhibit 1.[1,2]

## I. Background

On February 26, 2026, this Court entered the Joint Stipulation and Order Regarding Class Certification Redactions and Sealing (the "Class Certification Sealing Order"). ECF No. 173; *see also* ECF No. 217 (extending Class Certification Sealing Order to briefing on *Daubert* motions). Pursuant to those orders, the Parties filed the briefing and supporting declarations and exhibits

[1] For the avoidance of doubt, Exhibit 1 also identifies all of the briefs and exhibits that were previously filed under seal, including those that the Parties are not seeking to maintain under seal.

[2] The Parties have filed concurrently with this letter-motion the proposed redacted versions of any briefs and exhibits that the Parties are not seeking to maintain completely under seal. *See* Exs. 3–32. To facilitate the Court's review of briefs and exhibits in which more than one party has proposed redactions, the redactions therein are marked in different colors to indicate which party has made the proposal: Plaintiffs in orange; Grubhub in green; and Uber and Postmates in blue. Material designated as confidential by third parties, which thus may be the subject of a statement in support of sealing from third parties under paragraph 4(d) of the February 26, 2026 sealing order (ECF No. 173), is marked in red. To the extent that two parties are seeking to redact the same information, it is marked with colors representing each party.

Case 1:20-cv-03000-LAK-JW Document 245 Filed 09/04/26 Page 2 of 7



related to Plaintiffs' Motion for Class Certification and Defendants' Motion to Exclude Dr. Zona provisionally under seal. The Court ordered the Parties to file a joint omnibus motion to seal no later than September 4, 2026. ECF No. 217.

## II. Legal Standard

While the Second Circuit recognizes a presumption of public access to judicial documents, "documents may be kept under seal if 'countervailing factors' . . . so demand." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Countervailing factors include "'the privacy interests of those resisting disclosure.'" *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

Applying *Lugosch*, courts have recognized that the "need to protect sensitive commercial information from disclosure to competitors" justifies sealing. *In re Google Digit. Advert. Antitrust Litig.*, 2021 WL 4848758, at *2 (S.D.N.Y. Oct. 15, 2021) (sealing materials); *see also, e.g., Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sep. 26, 2022) ("Preventing competitive harm is a countervailing interest that can override the public right of access."). "[S]pecific business information and strategies," including pricing, "internal marketing strategies and decision-making processes," represents the type of information that "if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'" *WCA Holdings III, LLC v. Panasonic Avionics Corp.*, 2025 WL 1434375, at *14 (S.D.N.Y. May 17, 2025) (citation omitted); *see also Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sep. 30, 2020) (sealing confidential business information because it was "sensitive and potentially damaging if shared with competitors"). Similarly, "contracts and strategy discussions and analyses related to pricing to specific customers or detailed customer information" as well as "non-public 'data, revenue and operational figures, details of specific customer relationships, and competitive analysis,'" are sensitive commercial information that could cause "competitive or other tangible economic harm" to a party. *See In re Google Digit. Advert. Antitrust Litig.*, 2026 WL 959978, at *3–4 (S.D.N.Y. Apr. 8, 2026) (citation omitted). Documents containing those types of information are thus "commonly sealed." *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021).

## III. Argument[3]

### A. Plaintiffs' Confidential Material

Plaintiffs respectfully request that the Court seal three categories of information. First, personal identifying information subject to Federal Rule of Civil Procedure 5.2(a) should be redacted. *See In re Tecnologias Relacionadas Con Energia Y Servicios Especializados, S.A. de C.V.*, 2026 WL 1506335, at *1 (S.D.N.Y. May 29, 2026) ("Courts routinely allow parties to file redacted versions of documents to protect personal identifying information."). This includes

[3] For the avoidance of doubt, the Parties submit this motion jointly pursuant to the sealing orders, Dkt. No. 173 at 3–4; Dkt. No. 217 at 3–4, and to streamline the presentation of sealing-related requests to the Court. The Parties are not adopting each other's positions with respect to the specific material that each party is requesting to be maintained under seal as indicated in Exhibit 1; each request is being made by the identified party.

Plaintiffs' financial account numbers, Dkt. No. 179-5 at 29–35, 40–52; Dkt. No. 179-7 at 41, 65, and birth dates, Dkt. No. 204-29 at 12:12, 266:22.

Second, confidential business information that has no bearing on this case—such as the rates that a Plaintiff's employer charges for his services as a therapist, Dkt. No. 204-23 at 11:16–22—should also be redacted. Neither party relied on this information, and its public disclosure could harm Plaintiff professionally and his non-party employer competitively. *See In re Foreign Exch. Benchmark Rate Antitrust Litig.*, 2022 WL 15033005, at *1 (S.D.N.Y. Oct. 25, 2022) ("Filing the deposition transcripts under seal is necessary to prevent the disclosure of confidential business information that was not relied upon by any party or the Court and thus is subject to a weaker presumption of public access, but is included in the exhibits only because it is adjacent to the relevant portions.").

Third, details regarding a Plaintiff's criminal history, Dkt. No. 204-29 at 313:24–319:7—which could harm that Plaintiff's privacy interests, reputation, employment, and standing in the community—should be sealed. *See Douglas v. City of Peekskill*, 2024 WL 1739912, at *2 (S.D.N.Y. Apr. 22, 2024) ("The Court agrees with Plaintiff and the County that this document should remain under seal, as it preserves higher values to keep an individual's criminal history record sealed."). This information is largely nonpublic: for example, a search on New York's Criminal History Record Search yields no results, let alone the comprehensive and digestible summary contained in the deposition testimony filed by Grubhub. In addition, in Plaintiffs' view, the information is irrelevant to class certification because the Plaintiff's convictions do not involve "fraud," "dishonesty," or "deception." *Newman v. Bayer Corp.*, 348 F.R.D. 567, 581 (S.D.N.Y. 2025). To be clear, Plaintiffs do not seek to seal the fact that a Plaintiff has a criminal history or the Parties' footnote-only arguments regarding the implications of that history; Plaintiffs merely seek to seal the details of that history set forth in the Plaintiff's deposition testimony.

### B. Grubhub's Confidential Material

After a comprehensive review guided by the above-referenced standards for sealing documents in this Court, Grubhub has carefully revised its determinations of the Grubhub-specific documents to be maintained under seal and/or redacted that were initially filed under seal in connection with the Parties' class certification and *Daubert* briefing. Where documents utilized publicly-available information about Grubhub and its business, Grubhub does not seek to maintain such documents under seal.[4] As for the rest of Grubhub's documents, they warrant sealing for the following reasons, as divided by category of documents for ease of review.

1. **<u>Grubhub Deposition Transcripts and Excerpts (Sealed Entirely):</u>**[5] Excerpts and transcripts of Grubhub depositions in this matter should remain under seal in their entirety to prevent unauthorized dissemination of confidential business

---

[4] Dkt. 179-13 (GH00014882); Dkt. 179-14 (GH00673869); Dkt. 179-23 and 179-24 (GH00447721); Dkt. 179-49 (GH00275852).

[5] Dkt. 179-18 (Sutherland 30(b)(6) deposition excerpts); Dkt. 179-21, Dkt. 202-10, Dkt. 204-18 (Funke deposition excerpts); Dkt. 179-22 (Demar Schaff deposition excerpts); Dkt. 179-28, Dkt. 202-9, and Dkt. 204-15 (Wilson deposition excerpts); Dkt. 179-31, Dkt. 202-11, and Dkt. 204-19 (Guzek deposition excerpts); Dkt. 179-63, Dkt. 202-7, Dkt. 204-16 (Perman 30(b)(6) deposition excerpts); Dkt. 202-8 and Dkt. 204-17 (Bosone deposition excerpts).

information and proprietary technical and trade secret information, the protection of which outweighs the public's right of access. *Samsung Elecs. Co., Ltd. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 261 (S.D.N.Y. 2024); *In re Google Digit. Advert. Antitrust Litig.*, 2026 WL 959978, at *2 (S.D.N.Y. Apr. 8, 2026). Grubhub's witnesses were selected and deposed specifically to testify about Grubhub's proprietary and confidential business operations and strategies that, if disclosed, have the potential to harm Grubhub's competitive standing. *See Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *4 (S.D.N.Y. Sep. 21, 2023); *In re Google*, 2026 WL 959978, at *2. Preventing the unauthorized dissemination of Grubhub's confidential business information and proprietary technical and trade secret information as discussed by its witnesses during depositions outweighs the public's right of access. *Samsung*, 748 F. Supp. 3d at 261. Further, Grubhub designated its deposition transcripts as confidential pursuant to the Parties' Protective Order. Finally, Grubhub's deposition transcripts and excerpts thereof are not materially necessary to the public's understanding of the case.

2. **Expert Deposition Transcripts and Excerpts (Sealed Entirely):**[6] Excerpts and transcripts of expert witness depositions should remain under seal in their entirety to prevent unauthorized dissemination of confidential business information and proprietary technical and trade secret information, the protection of which outweighs the public's right of access. *Samsung*, 748 F. Supp. 3d at 261; *In re Google*, 2026 WL 959978, at *2. Dr. Zona and Dr. Tucker were selected, retained, and deposed specifically to testify about Defendants' proprietary and confidential business operations and strategies that, if disclosed, have the potential to harm Grubhub's competitive standing. *See Fairstein*, 2023 WL 6164293, at *4; *In re Google*, 2026 WL 959978, at *2. Preventing the unauthorized dissemination of Grubhub's confidential business information and proprietary technical and trade secret information as discussed by expert witnesses during depositions outweighs the public's right of access. *Samsung*, 748 F. Supp. 3d at 261. Further, these expert deposition transcripts are designated as confidential pursuant to the Parties' Protective Order and are not materially necessary to the public's understanding of the case.

3. **Written Discovery Responses (Redacted):**[7] Grubhub's narrowly tailored redactions to Plaintiffs' Amended Responses to Defendants' Second Set of Interrogatories and Grubhub's Responses to Plaintiffs' First Set of Requests for Admission are appropriate and necessary to prevent the unauthorized dissemination of proprietary and confidential business information and analysis that is not publicly available, the protection of which outweighs the public's right of access. *Samsung*, 748 F. Supp. 3d at 261; *In re Google*, 2026 WL 959978, at *2. Certain of Plaintiffs' responses reference and cite confidential Grubhub documents and mischaracterize the contents thereof. Disclosure of this information has the potential to harm Grubhub's competitive standing. *Fairstein*, 2023 WL 6164293, at *4; *In re Google*, 2026 WL 959978, at *2. Further, the redacted portions of these documents are not materially necessary to the public's understanding of the litigation, and Grubhub's discovery responses are designated as

[6] Dkt. 204-20 (Dr. Zona expert deposition transcript); Dkt. 207-3 (Dr. Zona expert deposition excerpts); Dkt. 221-2 and Dkt. 226-2 (Dr. Tucker expert deposition excerpts).

[7] Dkt. 179-51 (Grubhub's responses to Plaintiffs' first set of requests for admission); Dkt. 208-22 (Plaintiffs' amended responses to Defendants' second set of interrogatories).

Case 1:20-cv-03000-LAK-JW Document 245 Filed 09/04/26 Page 5 of 7



confidential pursuant to the Parties' Protective Order. Grubhub's redactions are narrowly tailored to protect only its confidential and sensitive business information to which the public is not entitled. *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021).

4. **Grubhub Internal Emails and Documents (Redacted):**[8] Grubhub's narrowly tailored redactions to its internal emails and internal documents are appropriate and necessary to prevent the unauthorized dissemination of proprietary and confidential business information, analysis, and trade secrets that are not publicly available—the protection of which outweighs the public's right of access. *Samsung*, 748 F. Supp. 3d at 261; *In re Google*, 2026 WL 959978, at *2. These emails and documents contain proprietary and confidential information about Grubhub's business operations, policies, pricing, analysis, and strategies that, if disclosed, have the potential to harm Grubhub's competitive standing. *Fairstein*, 2023 WL 6164293, at *4; *In re Google*, 2026 WL 959978, at *2. Further, Grubhub designated these emails and documents as confidential or highly confidential pursuant to the Protective Order in this case, and the redacted portions are not materially necessary to the public's understanding of the litigation. Grubhub's redactions are narrowly tailored to protect only this sensitive, non-public business information to which the public is not entitled. *Kewazinga*, 2021 WL 1222122, at *6.

5. **Grubhub Emails, Internal Documents, and Data (Sealed Entirely):**[9] Grubhub's remaining emails, internal documents, and data should remain under seal in their entirety to prevent unauthorized dissemination of proprietary technical and trade secret information and highly confidential business information, trade secrets, policies, analysis, and strategy—including that of non-parties in certain cases—the protection of which outweighs the public's right of access. *Samsung*, 748 F. Supp. 3d at 261; *In re Google*, 2026 WL 959978, at *2. These internal emails, documents, and data contain and consist of proprietary and highly confidential materials about Grubhub's business operations, strategies, and processes that, if disclosed, have the potential to harm Grubhub's competitive standing. *Fairstein*, 2023 WL 6164293, at *4; *In re Google*, 2026 WL 959978, at *2. Because the entire documents warrant redaction, there are no narrowly tailored redactions Grubhub could apply, and thus these documents should remain sealed in their entirety. As for the handful of group exhibits, implementing narrowly tailored redactions to hundreds of pages of unwieldy email chains would be unduly burdensome and render the document unintelligible. Further, Grubhub has designated each of these

---

[8] Dkt. 179-54 (GH00047518); Dkt. 179-70 (GH00105045); Dkt. 179-71 (GH00238678); Dkt. 179-73 (GH00471628); Dkt. 179-79 (GH00123025); Dkt. 204-4 (GH00225627-31).

[9] Dkt. 179-10 (GHDATA-005A; GH-DATA-005B); Dkt. 179-29 (GH00272770); Dkt. 179-33 (Uber-Davitashvili-009574); Dkt. 179-35 (GH00226359); Dkt. 179-42 (GH00480232); Dkt. 179-47 (GH00213352); Dkt. 179-52 (GH00237631); Dkt. 179-53 (GH00104195); Dkt. 179-55 (GH00036688); Dkt. 179-56 (GH00747561); Dkt. 179-57 (GH00747992); Dkt. 179-58 (GH00122753); Dkt. 179-59 (GH00755370); Dkt. 179-60 (GH00224347); Dkt. 179-61 (GH00226464); Dkt. 179-62 (GH00515686); Dkt. 179-64 (GH00554610); Dkt. 179-65 (GH00111708); Dkt. 179-66 (GH00111838); Dkt. 179-67 (GH00110003); Dkt. 179-68 (GH00233564); Dkt. 179-69 (GH00120911); Dkt. 179-72 (GH00285723); Dkt. 179-100 (GH00743250); Dkt. 204-3 (GH00232369-72); Dkt. 204-5 (GH00232437); Dkt. 204-6 (GH00104650-52); Dkt. 204-7 (group exhibit); Dkt. 204-8 (group exhibit); Dkt. 204-9 (GH00104656-58); Dkt. 204-10 (GH00238809-13); Dkt. 204-11 (group exhibit); Dkt. 204-12 (GH00554610-15); Dkt. 204-13 (group exhibit); Dkt. 204-14 (GH0036688-91); Dkt. 221-9 (GH-DATA-005).

emails, documents, and data as confidential or highly confidential pursuant to the Parties' Protective Order, and these emails, documents, and data are not materially necessary to the public's understanding of the case.

**C. Uber's and Postmates' Confidential Material**

This Court should maintain Uber's and Postmates' materials identified in Ex. 1 under seal because it is competitively sensitive business information that readily meets the sealing standard. Specifically, those materials implicate several categories of such information: (1) Uber's and Postmates' confidential contracts with third parties; (2) e-mails and other internal documents reflecting business and contractual negotiations and dealings with Uber's and Postmates' restaurant partners; (3) non-public financial and market share information; (4) Uber's and Postmates' pricing strategies for restaurant partners and delivery platform users; (5) Uber's and Postmates' restaurant partner and user acquisition strategies; (6) and other internal competitive assessments and strategy. Such information is precisely the type of information the Court has recognized as worthy of sealing. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing the redaction of specific business strategies relating to confidential business information); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (allowing the redaction of statements related to financial information, "analytical testing," and "research and development for new products").

Moreover, disclosure of Uber's and Postmates' information would harm their business interests. Other market participants could rely on that information to alter their behavior and unfairly compete with Uber and Postmates to Uber's and Postmates' detriment. *E.g., WCA Holdings*, 2025 WL 1434375, at *14; *Tyson Foods*, 2020 WL 5819864, at *2. As described in the accompanying declaration of Meghan Musbach, Uber and Postmates take care to ensure that such "sensitive commercial information" remains confidential and is not publicly disclosed, further confirming that this material warrants sealing. *See In re Google*, 2021 WL 4848758, at *2 (quoting *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014)); Ex. 2 (Musbach Decl.) ¶¶ 3–5, 9. Uber's and Postmates' interests in protecting their proprietary and sensitive business information (including confidential contractual agreements and business dealings with third parties) amount to overriding interests in support of maintaining the material under seal. *See Rowe*, 2022 WL 4467628, at *2; Musbach Decl. ¶¶ 2–9 (explaining the competitively sensitive nature of the information).

Finally, Uber's and Postmates' requests are narrowly tailored and "limited to specific business information and strategies that [are] proprietary and confidential." *PharmacyChecker.com LLC v. Nat'l Ass'n of Bds. of Pharmacy*, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022) (quoting *Louis Vuitton*, 97 F. Supp. 3d at 511). Uber and Postmates do not seek sealing of all of their documents, or even all of their contracts; rather, their requests are to seal only those materials that constitute competitively sensitive, valuable business information.

**D. Third-Party Confidential Material**

Pursuant to the Class Certification Sealing Order, the Parties have also identified third-party confidential information that appears in the briefs and accompanying filings and have sought to maintain that material under seal until the third parties have had the opportunity to

review and file their own motions to seal. Pursuant to the Court's order, the Parties will notify the third parties whose materials are implicated. *See* ECF No. 173.

## IV. Conclusion

For these reasons, the Parties respectfully request that the Court maintain under seal the information identified in Exhibit 1.

Respectfully submitted,

*/s/ Edward Normand* (on consent)
Edward Normand
Velvel Freedman
Kyle W. Roche
Stephen Lagos
**FREEDMAN NORMAND FRIEDLAND LLP**
155 E. 44th Street, Suite 915
New York, NY 10017
Tel: (646) 494-2900
tnormand@fnf.law
vel@fnf.law
kroche@fnf.law
slagos@fnf.law

Richard Cipolla
John Super
**FREEDMAN NORMAND FRIEDLAND LLP**
225 Franklin Street, 26th Floor
Boston, MA 02110
Tel: (617) 374-3700
rcipolla@fnf.law
jsuper@fnf.law

Gregory A. Frank
Marvin L. Frank
Asher Hawkins
**FRANK LLP**
305 Broadway, Suite 700
New York, New York 10007
Tel: (212) 682-1853
info@frankllp.com

*Counsel for Plaintiffs*

*/s/ Stacey K. Grigsby*
Stacey K. Grigsby
Katharine Mitchell-Tombras (*pro hac vice*)
Jeffrey Cao (*pro hac vice*)
Ayana M. Lindsey (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 10th Street, N.W.
Washington, D.C. 20001
Tel: (202) 662-6000
sgrigsby@cov.com
kmitchelltombras@cov.com
jcao@cov.com
alindsey@cov.com

*Counsel for Defendants Uber Technologies, Inc. and Postmates, LLC*

*/s/ Isaac J. Colunga* (on consent)
Isaac J. Colunga (*pro hac vice*)
Sophie E.H. Rayzor (*pro hac vice*)
**TAFT STETTINIUS & HOLLISTER LLP**
111 E Wacker Dr., Ste. 2600
Chicago, IL 60601
(312) 527-4000
icolunga@taftlaw.com
srayzor@taftlaw.com

A. Christopher Brown
**TAFT STETTINIUS & HOLLISTER LLP**
8th Street S
Minneapolis, MN 55402
(612) 977-8668
cbrown@taftlaw.com

*Counsel for Defendant Grubhub Inc.*

Granted

**SO ORDERED**

**LEWIS A. KAPLAN, USDJ**
9/8/26