Case 1:20-cv-03000-LAK-JW Document 250 Filed 09/18/26 Page 1 of 2

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

LATHAM&WATKINS LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-23-26

FIRM / AFFILIATE OFFICES
Austin, Beijing, Boston, Brussels, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Munich, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

September 18, 2026

**VIA ECF**

The Honorable Lewis A. Kaplan
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
Court Room 21B
New York, NY 10007

Re: *Bensimon et al. v. Grubhub Inc. et al.*, No. 20-cv-3000-LAK (S.D.N.Y.)

Dear Judge Kaplan:

Pursuant to Your Honor's Individual Rules of Practice and the Court's February 26, 2026 and May 5, 2026 orders on sealing (ECF Nos. 173, 217), non-Party DoorDash, Inc. ("DoorDash") submits this letter-motion to request further sealing of DoorDash's confidential information filed in connection with the Parties' Class Certification and related briefing. *See* ECF Nos. 178, 179-38, 179-48, 179-103, 201, 203, 204-1, 204-2, 206, 207-1, 207-2, 220, 221-1, 225, 226-1. For the reasons set forth below, DoorDash respectfully requests that the Court maintain under seal DoorDash's sensitive and nonpublic information identified in the Parties' Joint Omnibus Motion to Seal Confidential Class Certification Material. *See* ECF No. 245-1.

DoorDash has produced documents and provided testimony in connection with this case, including materials that it has designated as Confidential or Highly Confidential pursuant to the Stipulated Protective Order. ECF No. 67. DoorDash seeks to seal portions of the Parties' class certification and related briefing that include DoorDash's highly sensitive business information, including market share data, pricing comparisons, commission rates, revenue and margin figures, economic modeling, and deposition testimony regarding DoorDash's pricing practices.

Although the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (quotations omitted). Sealing is appropriate where the requesting party demonstrates that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). Courts in this district recognize that the privacy interests of "innocent third parties" are "entitled to significant weight in the balancing against the public's right to access." *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (sealing "internal pricing strategies and competitive pricing data.").

Case 1:20-cv-03000-LAK-JW Document 250 Filed 09/18/26 Page 2 of 2


LATHAM&WATKINS LLP

The materials DoorDash wishes to seal include DoorDash's highly sensitive, nonpublic commercial information, including: (i) market share calculations derived from DoorDash-produced documents and data; (ii) comparisons of pricing for restaurants that sell through Defendants' platforms with pricing for restaurants that sell through DoorDash; (iii) DoorDash's commission rates and comparisons of those rates to commission rates charged by Defendants; (iv) revenue, restaurant offerings, and margin comparisons; (v) results from economic models derived in part from DoorDash data; and (iv) excerpts from the deposition of DoorDash's 30(b)(6) witness concerning DoorDash pricing. This information reflects the core of DoorDash's proprietary business operations and competitive strategy. These are precisely the type of nonpublic financial and commercial information that courts have recognized warrants protection from public disclosure. *See, e.g.*, *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F.Supp.3d 152, 156–57 (S.D.N.Y. 2015) (sealing third parties' "information concerning their trading strategies, objectives, and transactions" and "pricing information").

Disclosure of these materials would cause significant competitive harm to DoorDash. Public disclosure of this information would provide DoorDash's competitors with detailed insight into DoorDash's pricing structures, commission rates, promotional discount practices, and competitive positioning relative to other delivery platforms. DoorDash designated the information at issue as Confidential or Highly Confidential under the Stipulated Protective Order precisely because of the competitive harm that would result from its public disclosure. DoorDash understands that the Parties' identified redactions are narrowly tailored to protect only the sensitive, non-public business information whose disclosure would cause DoorDash competitive harm.

For the foregoing reasons, DoorDash respectfully requests that the Court maintain under seal DoorDash's confidential information included in the Parties' Class Certification and related briefing. *See* ECF Nos. 178, 179-38, 179-48, 179-103, 201, 203, 204-1, 204-2, 206, 207-1, 207-2, 220, 221-1, 225, 226-1

Respectfully submitted,

*/s/ Lawrence Buterman*

Lawrence Buterman
of LATHAM & WATKINS LLP

cc: All counsel of record (via ECF)

Granted

**SO ORDERED**

[signature]

**LEWIS A. KAPLAN, USDJ**

9/23/26