MUNGER, TOLLES & OLSON LLP
350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100

September 18, 2026

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-23-26

Writer's Direct Contact
(213) 683-9273
(213) 683-5171 FAX
Adam.Weiss@mto.com

*Via ECF*

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
Courtroom 21B
New York, NY 10007

**Re:** ***Bensimon et al. v. Grubhub Inc. et al., No. 20-cv-3000 (LAK)***
**Statement of Non-Party Block, Inc. in Support of Continued Sealing**

Dear Judge Kaplan:

Pursuant to Your Honor's Individual Rules of Practice, the Court's September 8, 2026 Order (Dkt. No. 247), and the Court's February 26, 2026 Order (Dkt. No. 173), non-party Block, Inc. ("Block") submits this statement in support of continued sealing of limited confidential information filed by the parties to this case. Block respectfully requests continued sealing of the material identified in Exhibit A to this letter that reveals or is derived from Block-designated confidential information. This material appears in Dkt. Nos. 178, 179-103, 201, 203, 206, 220, 221-1, 225, 232, 240, and 241-1.[1] Exhibit A lists redactions by docket and page number, and includes a description of the redacted information that the parties provided to Block.

## I. Background

Plaintiffs served a subpoena on Block on June 3, 2022, and Defendants served a separate subpoena on July 18, 2022. Among other requests, the parties sought transaction data from Block's merchant restaurants. Block timely served objections and responses and met-and-conferred with the parties to negotiate a narrowed scope of production, and confidentiality protections under the governing protective order. Specifically, Block agreed to produce sample data from those merchants that self-reported as restaurants, covering April 2016 through December 2021 and specified geographic areas. At the parties' request, Block also responded to the parties' questions regarding the produced data to aid in their experts' use of that data for this litigation.

[1] The parties advised Block that Dkt. Nos. 204-1, 204-2, 207-1 and 207-2 are sealed pursuant to the Court's September 8, 2026 Order, and therefore do not require a separate statement from Block. Block therefore does not address those filings, although Block is not waiving its designations of the material contained therein.

Block produced nonpublic, granular merchant and order data maintained in Block's systems on behalf of its merchants. Block does not otherwise disclose those data to the public, let alone competitors. The information produced and potentially implicated by the proposed redactions includes (1) merchant-identifying and operational information; (2) order- and item-level information, including items ordered and quantities; (3) merchant pricing, sales, and payment information; and (4) expert calculations and analyses derived from those records. The parties provided Block with the redacted filings and their descriptions of the redacted material, rather than complete unredacted copies. Those descriptions indicate that many of the challenged passages report analyses of multi-source datasets that include Block data. Block therefore relies on the parties' descriptions and the surrounding context visible in the filings to understand how its confidential information is being used in this litigation.

## II. Statement in Support of Sealing

Block is a third party to this litigation. While judicial documents are subject to a presumption of public access, the Court must balance that presumption against countervailing considerations, including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20, 124 (2d Cir. 2006) (citation omitted). The privacy interests of innocent third parties to the litigation "should weigh heavily" in that balance, and "[c]ommercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts." *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995). Courts therefore permit narrowly tailored redactions of nonpublic datasets, customer-specific operational and financial information, and analyses derived from those materials where disclosure could cause competitive or other tangible economic harm. *See In re Google Digit. Advert. Antitrust Litig.*, 2026 WL 959978, at *3-4 (S.D.N.Y. Apr. 8, 2026); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021).

The same countervailing interests support the requested redactions here. Block is a third party to this litigation. It produced the information in response to subpoenas, after ensuring the data would be subject to the Stipulated Protective Order. The produced data reflects Block's merchants' nonpublic operations at a granular level, including details regarding what was sold, the date, price, and receipt totals. Block restricts and does not ordinarily disclose that information publicly. Merchants entrust those records to Block with the expectation that their confidential business information will be safeguarded.

Public disclosure would harm both Block and its merchants. Competitors, potential commercial counterparties, or other sophisticated market participants could use merchant-linked pricing, volume, purchase-pattern, and other revealed data for their commercial advantage. For example, they could identify and target particular merchants, or offer competing products. Disclosure could also undermine merchant confidence that Block will protect information entrusted to it, risking damage to Block's merchant relationships and ability to attract and retain merchants. The same concerns apply even if the numbers disclosed reflect aggregation of data or

analysis. Sophisticated parties can reverse-engineer such calculations or combine it with other information to discern underlying competitively sensitive information. *See In re Google Digit. Advert. Antitrust Litig.*, 2026 WL 959978, at *3-4 (sealing information "derived from datasets Google produced during this litigation" concerning competitively sensitive financial information).

Block's request is narrowly tailored. It is limited to the specific redactions identified in Exhibit A, which the parties have identified to Block as containing or being derived from Block confidential information. Block takes no position on the descriptions of the expert analyses and the parties' legal arguments.

**III. Conclusion**

Block respectfully requests that the Court maintain under seal the information identified in Exhibit A.

Very truly yours,

[signature]

Adam B. Weiss

MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
(213) 683-9100
Adam.Weiss@mto.com

*Counsel for Block, Inc.*

cc: Counsel of Record via ECF

Granted

**SO ORDERED**

[signature]

**LEWIS A. KAPLAN, USDJ**

9/23/26