**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NATHAN OBEY,

*Petitioner*,

v.

UBER TECHNOLOGIES, INC., and
POSTMATES INC.,

*Respondents*.

Case No. 1:20-cv-03000-LAK

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER NATHAN OBEY'S PETITION TO CONFIRM ARBITRAL AWARD**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .......... 1

FACTUAL BACKGROUND .......... 1

LEGAL STANDARD .......... 3

ARGUMENT .......... 4

CONCLUSION .......... 5

Petitioner Nathan Obey ("Petitioner" or "Obey") respectfully submits this memorandum of law in support of his petition to confirm the final arbitration award (the "Final Award") issued by a three-member panel ("Panel") of JAMS on August 19, 2026, resolving an arbitration between Petitioner and Respondents Uber Technologies, Inc. and Postmates Inc. (together, "Respondents" or "Uber"), in Petitioner's favor, and to enter judgment thereon.

## PRELIMINARY STATEMENT

Obey prevailed in the arbitration. After the Second Circuit directed that the arbitrability of Obey's antitrust claims against Uber and Postmates be decided by an arbitrator, a three-member JAMS Panel resolved the sole issue submitted to it and granted Obey's motion for summary disposition in all respects. The Panel held that Obey's antitrust claims are not within the scope of the arbitration provisions in Uber's Terms of Use, and it denied Respondents' motion. The Final Award became final and binding on September 2, 2026.

Summary confirmation follows as a matter of course. Section 9 of the Federal Arbitration Act (the "FAA") provides that a court "must grant" an order confirming an award unless the award is vacated, modified, or corrected under the narrow grounds in Sections 10 and 11 of the FAA. 9 U.S.C. § 9. Confirmation is a summary proceeding, and judicial review of an arbitral award is limited. No ground to vacate, modify, or correct the Final Award exists here. Consistent with this Court's order, Dkt. 103, and the Second Circuit's opinion regarding Grubhub's materially identical arbitration agreement, the Panel determined that Obey's individual and class action antitrust claims against Uber are not arbitrable. The Court should confirm the Final Award and enter judgment thereon.

## FACTUAL BACKGROUND

This action is a putative antitrust class action alleging that Respondents and their co-defendant Grubhub, Inc. (together, "Defendants") violated Section 1 of the Sherman Act and state-

law analogues by imposing no-price-competition clauses ("NPCCs") on restaurants that bar them from offering lower prices for meals purchased off Respondents' platforms. Dkt. 147 ¶¶ 1–8. The class action complaint was filed on April 13, 2020. Dkt. 1. Plaintiffs filed the Amended Consolidated Class Action Complaint on August 19, 2020, Dkts. 24, 28, and the Second Amended Consolidated Class Action Complaint on October 3, 2025, Dkt. 147.

On August 26, 2022, Defendants moved to compel arbitration, Dkts. 72, 76, and by Memorandum Opinion dated March 16, 2023, the Court denied those motions, Dkt. 103. On appeal, the Second Circuit affirmed as to Grubhub and held that "Uber's and Postmates's Terms of Use delegate arbitrability questions to the arbitrator, and Plaintiffs failed to challenge the delegation provision specifically. Thus, Plaintiffs' claims against Uber and Postmates should be sent to an arbitrator to determine, *inter alia*, whether those claims are arbitrable." Dkt. 131, at 23. The Second Circuit's mandate issued on April 3, 2025. *See id.* at 1.

Obey commenced the arbitration on or about September 22, 2025. Final Award, at 9. The dispute was administered by JAMS as Arbitration No. 5425004531 and heard by a three-member Panel, the Honorable Henry Pitman (Ret.), the Honorable Robert B. Kugler (Ret.), and Michele A. Roberts, Esq., with New York, New York as the place of arbitration. *Id.* at 1–2. The sole issue presented to the Panel was whether Obey's "claim," *id.* at 5, *i.e.*, "a putative class action in which Claimant and others allege that Respondents violated Section 1 of the Sherman Act of 1890, 15 [U.S.C.] § 1, and state law analogues," *id.* at 4, "is within the scope of the parties' arbitration agreement," *id.* at 5. The parties "agreed that the issue before the Panel was a pure matter of law and could be resolved by way of a motion for summary disposition." *Id.* at 9–10. Briefing was completed on July 16, 2026. *Id.* at 10.

On August 19, 2026, the Panel issued the Final Award. Normand Decl., Ex. A ("Final Award"). The Panel granted Obey's motion for summary disposition "in all respects," determined that his antitrust claims against Respondents Uber Technologies, Inc. and Postmates Inc. (together, "Uber" or "Respondents") "are not within the scope of the arbitration clauses contained in either [Uber's] December 2021 or the April 2026 Terms of Use," and denied Respondents' cross-motion "in all respects." Final Award, at 14. Under JAMS Rule 24(k), the Final Award became final and binding upon the expiration of 14 days after it was issued, *i.e.*, as of the end of day on September 2, 2026.

## **LEGAL STANDARD**

"[C]onfirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir.1984)). Under Section 9 of the FAA, upon a timely application the court "must grant" an order confirming the award unless the award is vacated, modified, or corrected as prescribed in Sections 10 and 11. 9 U.S.C. § 9. As the Supreme Court has explained, "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587, 128 S. Ct. 1396, 1405 (2008) (quoting 9 U.S.C. § 9). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted). "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *Id.*

**ARGUMENT**

The Final Award should be confirmed in summary fashion because no ground for vacatur, modification, or correction exists. Every prerequisite for confirmation is satisfied, and none of the FAA's narrow grounds for disturbing the Award is present. Confirmation should therefore issue as a matter of course.

*First*, the application is proper and timely. The Final Award was made in New York, New York, within this District, and this petition is filed in the same action in which arbitration was compelled. "A federal court with jurisdiction to stay claims pending arbitration under § 3 of the FAA has the same jurisdiction to resolve motions to confirm or vacate a resulting arbitral award." *Jules v. Andre Balazs Props.*, 608 U.S. 200, 218, 146 S. Ct. 1209, 1223 (2026). The parties consented to the entry of judgment on the Award through JAMS Rule 25, the Award became final and binding on September 2, 2026, under JAMS Rule 24(k), and this petition is brought well within the one-year period prescribed by Section 9 of the FAA. 9 U.S.C. § 9.

*Second*, none of the limited statutory grounds for disturbing the Award applies. Sections 10 and 11 permit vacatur, modification, or correction only in narrow circumstances, and a court "must grant" confirmation unless one of those prescribed exceptions is shown. *Hall St. Assocs., L.L.C.*, 552 U.S. at 587, 128 S. Ct. at 1405; 9 U.S.C. § 9. Obey prevailed in the arbitration and Respondents have not sought vacatur, modification, or correction on any grounds. Final Award, at 14; Normand Decl. ¶¶ 4–5. Indeed, no such grounds exist. Accordingly, the Final Award must be confirmed. *Hall St. Assocs., L.L.C.*, 552 U.S. at 587, 128 S. Ct. at 1405; 9 U.S.C. § 9.

*Third*, the Award readily withstands the deferential review the FAA permits. The Panel resolved the single legal question the parties submitted, *i.e.*, whether Obey's antitrust claims fall within the scope of Uber's arbitration provisions, by applying the Second Circuit's controlling mandate in this litigation, which held that Obey's (and all Plaintiffs') antitrust claims do not arise

out of Grubhub's materially identical arbitration agreement. Mandate, Dkt. 131, at 23; Final Award, at 14. That reasoning provides far more than the "barely colorable" justification needed to confirm an award. *D.H. Blair & Co.*, 462 F.3d at 110. Because confirmation is a summary proceeding that merely reduces the Final Award to a judgment, the Court should confirm the Final Award and enter judgment thereon. *Id.*

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court confirm the Final Award pursuant to 9 U.S.C. § 9, enter judgment in conformity with the Final Award, and grant such other and further relief as the Court deems just and proper.

Dated: October 5, 2026

Respectfully submitted,

*/s/ Edward Normand*
Edward Normand
Kyle W. Roche
Stephen Lagos
**FREEDMAND NORMAND FRIEDLAND LLP**
155 E. 44th Street, Suite 915
New York, NY 10017
Tel: (646) 494-2900
tnormand@fnf.law
kroche@fnf.law
slagos@fnf.law

Richard Cipolla
John Super
**FREEDMAND NORMAND FRIEDLAND LLP**
225 Franklin Street, 26th Floor
Boston, MA 02110
Tel: (617) 374-3700
rcipolla@fnf.law
jsuper@fnf.law

*Counsel for Petitioner*